

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-22-2009

# Telly Royster v. J Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Telly Royster v. J Beard" (2009). *2009 Decisions.* Paper 1996.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1996

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-65                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3353
_____

TELLY ROYSTER,
                                        Appellant

v.

J. BEARD, Secretary of PA DOC; S. BURKS, Chief Grievance Officer; D. KELCHER,
Superintendent; R. MARSH, Unit Manager; B. STEIGERWALT, Unit Manager;
HUBER, COI Property; KLINE, COI Property; LEAHMAN, COI Property; SPRIGGLE,
COI Property; STUBBS, COI Property

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-00842)
District Judge: Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before:  BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 22, 2009)

_____

OPINION

_____

PER CURIAM

Telly Royster, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's order granting summary judgment in favor of appellees. For the reasons set forth below, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In April 2006, Royster commenced a civil rights action under 42 U.S.C. § 1983 in the U.S. District Court for the Middle District of Pennsylvania against Defendants Jeffrey Beard, Secretary of the Department of Corrections; Sharon Burks, former Chief Grievance Officer at SCI-Camp-Hill; Superintendent Kelchner, Unit Manager Marsh, Unit Manager Steigerwalt, Officer Huber, Officer Kline, Officer Spriggle (now deceased), Officer Lehman, and Officer Stubbs, all employees of SCI-Camp Hill.

Royster claimed that while he was imprisoned at SCI-Camp Hill, from March 2002 until February 2005, prison officials improperly confiscated and/or destroyed incoming publications received through the mail as well as personal photographs and books. He claimed that several of the Defendants did so in retaliation for prior administrative grievances that he filed. He also claimed that certain Defendants conspired to "cover up" the wrongful confiscation and destruction of his property.

Defendants argued that Royster's property was not confiscated in retaliation for his prior grievances, but had been taken in accordance with prison policy. Under the rules and regulations at SCI-Camp Hill, and specifically the unit where Royster was housed,

2

inmates were not permitted to keep more than 10 books in their cells and in storage.[1]

Defendants also argued that Royster could not identify which publications had been confiscated, nor could he identify the individuals who confiscated them.

On April 27, 2005, Defendant Huber confiscated approximately 18 books from Royster's cell. Royster filed an administrative grievance claiming that he should be allowed to retain all of his books because they were gifts from family and friends. The grievance was subsequently denied and Royster filed an administrative appeal. Defendant Kelchner denied the appeal, and Royster proceeded to file several other grievances in an attempt to regain his books. Following repeated denials of his administrative appeals, Royster commenced the present action pursuant to section 1983.

In his Complaint, Royster alleged that Defendants Lehman, Stubbs, Steigerwalt, Spriggle, Kline, Marsh, Kelchner, and Burks improperly confiscated his publications in violation of his First and Fourteenth Amendment rights. He also alleged that Defendants Huber, Beard, Kelchner, Marsh, and Burks retaliated against him by confiscating, and later destroying, his property. Lastly, he claimed that Defendants Huber, Marsh, Steigerwalt, Kelchner, Burks, Spriggle and Beard conspired against him to cover up the alleged retaliatory conduct.

In July 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant

---

[1]By memorandum dated April 5, 2004, which Royster acknowledged he received, Defendant Marsh reminded inmates that if they had more than 10 books, they should submit a request for disposition of the excess books or they would be confiscated.

3

to Fed. R. Civ. P. 12(b)(6). In support of their Motion, Defendants argued that any claims of wrongful confiscation of publications occurring before April 24, 2004, were barred by the applicable statute of limitations. They further argued that Royster failed to state a claim of a Constitutional violation against Defendants Burks and Beard and that he failed to state a due process claim because the grievance process afforded him adequate post-deprivation procedures for his confiscated property. The District Court granted Defendants' Motion as to the statute of limitations argument, thereby dismissing all claims which arose prior to April 24, 2004. The Court denied the motion in all other respects. The Court subsequently denied Royster's Motion for Reconsideration. At the close of discovery, Defendants moved for summary judgment. The District Court entered an order granting summary judgment as to all defendants on all of Royster's claims. The Court subsequently denied reconsideration, and the present appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Because Royster is proceeding *in forma pauperis*, we must review this appeal to determine whether it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). We dismiss an appeal if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).[2]

---

[2]Our review of the District Court's dismissal for failure to state a claim is plenary. Port Auth. of N.Y. and N. J. v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir. 1999). When considering a district court's grant of a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

4

We review a District Court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994). After a careful review of the record, we conclude that the District Court correctly entered summary judgment against Royster on all of his claims.

The District Court properly dismissed claims of retaliation against Defendants Huber, Marsh, Kechner, and Burks because Royster failed to establish a prima facie case of retaliation. Royster claimed that Huber retaliated against him by confiscating his property because of a prior grievance that he filed. He also claimed that Marsh, Kechner, and Burks retaliated against him by "deliberately responding to his grievances in a misleading way" and because he chose to file a grievance in the first place. A prisoner-

---

The District Court properly dismissed Royster's claims of improper confiscation of publications arising prior to April 24, 2004. In Pennsylvania, there is a two year statute of limitations for actions alleging personal injury. 42 Pa.C.S. § 5524(7). Royster claimed that Defendants improperly confiscated his publications from 2002 to 2005, but did not file his Complaint until April 24, 2006. Thus, any claim alleging improper confiscation arising prior to April 24, 2004 was statutorily barred.

plaintiff in a retaliation case must satisfy three elements: (1) that the conduct which led to the allegation was constitutionally protected; (2) that he "suffered some 'adverse action' at the hands of prison officials"; and (3) that his constitutionally protected conduct was a "substantial motivating factor" in the action taken against him. Rauser v. Horn, 241 F.3d 330,33 (3d Cir. 2001). Once a plaintiff establishes a prima facie case, the burden shifts to the defendant to show by a preponderance of the evidence that the same disciplinary action would have been taken even in the absence of protected activity. Id.

We agree with the District Court that Royster satisfied the first two elements of the claim, but failed to demonstrate any causal connection between his prior grievances and the decision to confiscate his property. At his deposition, Royster did not ever recall filing a grievance against Defendant Huber (or even naming him in a prior grievance). He similarly could not identify which specific grievances he believed motivated the alleged retaliatory conduct of the other Defendants. Defendants were entitled to summary judgment on his claims of retaliation because he could not establish facts to support an arguable connection between his protected activity and the adverse action taken against him. Id.

The District Court was also correct in granting summary judgment in favor of Defendants Marsh, Burks, and Kelchner on Royster's claims of conspiracy. Royster claimed that Marsh and Kelchner were guilty of a "code of silence" and believed that Marsh provided misleading responses to his grievances in order to further a civil

conspiracy to deny his constitutional rights. He alleged that Burks and Kelchner conspired against him because of a "good old boy system" in place at the prison. In order to demonstrate the existence of a conspiracy under section 1983, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993). We agree with the District Court that Royster failed to present any evidence that would have satisfied that requirement. His vague reference to a perceived "code of silence" was insufficient to establish that Defendants reached an agreement to deprive him of a constitutional right.

The District Court was also correct in granting summary judgment to remaining Defendants Beard, Steigerwalt, Lehman, Kline, Stubbs, and Spriggle. At his deposition, Royster admitted that Defendant Beard did not have to respond personally to any of his grievances and that he was permitted to delegate that responsibility to others. Thus, Royster apparently sought to hold Beard liable in his capacity as a supervisor. This he may not do. A "defendant in a civil rights action must have a personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1986).

We agree, too with the District Court that Defendants Lehman, Kline, and Stubbs were entitled to summary judgment. Royster alleged that the officers confiscated several of his incoming publications. However, Royster presented no evidence that Defendants

7

were directly involved in confiscating the materials, nor could he name which specific items that were confiscated. Furthermore, Defendant Steigerwalt was entitled to summary judgment because he was not employed by the prison during the time Royster's claims arose. Lastly, summary judgment was proper as to Spriggle because Royster did not assert a timely claim against the estate following Spriggle's March 2007 death. See Fed. R. Civ. P. 25(a)(1) (requiring a plaintiff to substitute a personal representative as a party within 90 days of the filing of a suggestion of death.)[3]

For the foregoing reasons, we conclude that the District Court properly entered summary judgment against Royster on all of his claims. Accordingly, because this appeal lacks an arguable basis, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). We also deny Royster's request to appoint counsel. Tabron v. Grace, 6 F.3d 147, 157-8 (3d Cir. 1993).

---

[3]Defense counsel properly filed a Suggestion of Death as to Defendant Spriggle on March 7, 2007.